UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ENRIQUE TELIZ VEGA (A-Number: 222-597-268),

Petitioner,

v.

WARDEN OF THE CALIFORNIA CITY DETENTION FACILITY,

Respondent.

Case No. 1:26-cv-05632-KES-CDB (HC)

FINDINGS AND RECOMMENDATIONS TO DENY PETITIONER'S MOTION TO ENFORCE

(Doc. 11)

**Deadline to File Objections – Oct. 5, 2026**

Petitioner Enrique Teliz Vega, a federal immigration detainee, initiated this action on July 20, 2026, with the filing of a petition for writ of habeas corpus under 28 U.S.C. § 2241. (Doc. 1). Petitioner is in custody of the U.S. Immigration and Customs Enforcement ("ICE") at the California City Detention Facility. *Id.* ¶ 1.

On August 17, 2026, the Court granted the writ of habeas corpus and ordered the government to provide Petitioner with "a bond hearing before a neutral arbiter pursuant to 8 U.S.C. § 1226(a) and its implementing regulations." (Doc. 9 at 1-2).

On September 10, 2026, Petitioner filed a "Motion to Enforce Judgment." (Doc. 11). In his motion, Petitioner alleges that he was afforded a bond hearing before an immigration judge ("IJ") on August 28, 2026, but that the hearing "was not in compliance with this court's order" granting habeas relief and did not "protect Petitioner's due process rights." *Id.* at 1. Petitioner

argues that the IJ "denied bond without showing clear and convincing evidence that petitioner was a fly [*sic*] risk or danger for the community." *Id.* Although Petitioner advances several arguments as to why bond is appropriate (*id*. at 2-3), he sets forth no facts in support of his allegation that the bond hearing he received failed to comply with the Court's order or was constitutionally defective. Instead, he argues that the Court should "order the government to produce a transcript of the bond hearing" to permit him to "further develop this argument." *Id.* at 3.

## I. Governing Authority

"When a district court issues a conditional habeas writ, it retains jurisdiction to determine compliance." *Rose v. Guyer*, 961 F.3d 1238, 1246 (9th Cir. 2020); *e.g.*, *Loba L.M. v. Andrews*, No. 1:25-cv-00611-JLT-SAB, 2026 WL 710307, at *5 (E.D. Cal. Mar. 13, 2026) (citing *Leonardo v. Crawford*, 646 F.3d 1157, 1161 (9th Cir. 2011)). This includes the authority to review the IJ's decision for an abuse of discretion and to evaluate whether the standard imposed by the Court's prior order was properly applied at the bond hearing. *Martinez v. Clark*, 124 F.4th 775, 784–85 (9th Cir. 2024) (holding that district courts have habeas jurisdiction to review whether an IJ "erred by applying the wrong burden of proof"); *e.g., Kumar v. Noem*, No. 1:26-cv-01148-DJC-AC, 2026 WL 983129, at *2 (E.D. Cal. Apr. 13, 2026) ("[T]he Court's analysis [on a motion to enforce judgment] is grounded in the legal standard for reviewing IJ detention determinations."). "[A]buse of discretion" review does not involve "reweigh[ing] evidence" but instead determining whether the IJ "applied the correct legal standard." *See Martinez*, 124 F.4th at 785 (citation omitted).

## II. Discussion

Although, as set forth above, the Court retains jurisdiction to determine whether the government complied with its earlier grant of the writ of habeas corpus and its order to provide Petitioner with a bond hearing, the undersigned will recommend that the Court deny Petitioner's motion for three reasons.

First, Petitioner's only allegation that the bond hearing he received failed to comply with the Court's order granting the writ is that the government failed to prove by clear and convincing evidence that he is either a flight risk or a danger to the community. However, the Court's order did not impose upon the government any such burden. Instead, the Court ordered the government

to provide Petitioner a bond hearing pursuant to section 1226(a) and its implementing regulations. *See* (Doc. 9 at 1-2). At such a bond hearing, to be entitled to release, the detainee must establish "by the preponderance of the evidence that he is not a threat to national security, a danger to the community at large, likely to abscond, or otherwise a poor bail risk." *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1197 (9th Cir. 2022). Thus, to the extent Petitioner's claim hinges on the government's failure to meet a standard of proof inapplicable at his bond hearing, the claim fails.

Second, Petitioner has alleged no facts in support of his claim that the bond hearing otherwise was constitutionally defective. Rule 2(c) of the Rules Governing § 2254 Cases (which are applicable in this habeas proceeding brought pursuant to § 2241)[1] requires a petition to "state the facts supporting each ground" for relief. Although pro se habeas corpus petitions are to be liberally construed (*see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)), notice pleading is not sufficient; rather, the petition must state facts that point to a real possibility of a constitutional error. *See Mayle v. Felix*, 545 U.S. 644, 655 (2005) ("Habeas Corpus Rule 2(c) is more demanding"). Allegations in a petition that are vague or conclusory are subject to summary dismissal. *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

Here, Petitioner identifies several factors that an IJ properly may consider in determining whether a detainee is a danger to the community or a risk of flight. (Doc. 11 at 2-3); *see Martinez*, 124 F.4th at 783 (citing *Matter of Guerra*, 24 I&N Dec. 37 (BIA 2006)). Thus, Petitioner persuasively argues that his long-term fixed address in the United States, his family ties and employment history, and his record of appearances in court may weigh in favor of a finding that he is neither a danger to the community nor a flight risk. However, Petitioner does not allege that he was prevented from introducing this evidence at his bond hearing or that the IJ refused to consider the evidence. Without factual allegations supporting his claims that the bond hearing failed to

---

[1] *See* Rule 1(b) ("The district court may apply any or all of these rules to a habeas petition not covered by [28 U.S.C. § 2254]."); *Lane v. Feather*, 584 Fed. Appx. 843, 843 (9th Cir. 2014) ("the district court did not err by applying Rule 4 of the Rules Governing Section 2254 Cases to the instant [§ 2241] petition") (citing Rule 1(b)). Judges of this Court routinely apply the Rules Governing § 2254 Cases, including specifically Rule 2(c) and its pleading standard, in § 2241 cases. *E.g.*, *Huasica v. Warden*, No. 2:23-cv-02271-CKD P, 2023 WL 8092462, at *1 (E.D. Cal. Nov. 21, 2023); *Robinson v. Warden*, No. 1:22-cv-0169-CDB (HC), 2023 WL 373378, at *1 (E.D. Cal. Jan. 24, 2023); *Tang v. ICE, Enforcement and Removal Operation*, No. 1:12-cv-02073-BAM-HC, 2013 WL 129401, at *1 (E.D. Cal. Jan. 9, 2013).

comply with the Court's order or otherwise violated Petitioner's due process rights, it appears Petitioner is asking this Court to conduct a de novo review of the proceedings before the IJ. But that is not the role of the Court. *See Martinez*, 124 F.4th at 785 (noting that the district court does not "reweigh evidence" before the IJ) (quoting *Konou v. Holder*, 750 F.3d 1120, 1127 (9th Cir. 2014)).

Because Petitioner alleges no facts about what occurred at the bond hearing and why the proceedings were constitutionally defective, his conclusory assertion that the proceedings failed to comply with the Due Process Clause of the Fifth Amendment are inadequate to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.").

Third, Petitioner neither alleges that he exhausted his administrative remedies prior to filing his motion in this Court (by appealing the IJ's bond denial to the BIA) nor alleges facts suggesting that the prudential exhaustion requirement should be waived. *See Castro-Cortez v. INS*, 239 F.3d 1037, 1047 (9th Cir. 2001) (holding that it is required in the Ninth Circuit, "as a prudential matter, that habeas petitioners exhaust available judicial and administrative remedies before seeking relief under § 2241.") (citing *United States v. Pirro*, 104 F.3d 297, 299 (9th Cir. 1997)). Whether the prudential exhaustion requirement should be waived turns on the three-factor test identified in *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007): (1) whether agency expertise is "necessary to generate a proper record and reach a proper decision"; (2) whether relaxing the requirement would invite "deliberate bypass of the administrative scheme"; and (3) whether "administrative review is likely to allow the agency to correct its own mistakes and forestall the need of judicial review." *See Gagik T. v. Chestnut*, No. 1:26-cv-02839-MWJS (HC), 2026 WL 1216897, at *2 (E.D. Cal. May 4, 2026) (citing *Hernandez v. Sessions*, 872 F.3d 976, 988 (9th Cir. 2017)).

Having considered and weighed the *Puga* factors, the undersigned finds that the prudential exhaustion requirement should not be waived. First, Petitioner acknowledges he received a bond hearing pursuant to § 1226(a) before an IJ, was denied bond, and appears to have chosen (in lieu of appealing the IJ's decision to the BIA) to seek relief in the first instance before this Court. As noted above, Petitioner's allegations that the bond hearing was defective are conclusory and unsupported

by any alleged facts sufficient to permit an inference of any defect in the bond hearing. That Petitioner has not filed any transcript or record of the bond hearing or the IJ's bond denial order indicates that agency expertise may be necessary to generate a further record for decision. *See Hernandez*, 872 F.3d at 988; *Ruslanov v. Warden*, No. 1:26-cv-01459-JLT-EGC (HC), 2026 WL 1362961, at *2 (E.D. Cal. May 15, 2026) ("Petitioner takes issue with the findings of the [IJ] in his denial of bond. ... Such issues could be fairly resolved by the [BIA], and in fact, reviewing the [IJ's] decision is a primary function of the [BIA]."). Thus, the first *Puga* factor weighs against waiver of the prudential exhaustion requirement.

Second, "relaxation of the [exhaustion] requirement would encourage the deliberate bypass of the administrative scheme." *Hernandez*, 872 F.3d at 988; *see, e.g., Okoth v. Kaiser*, No. 1:25-cv-1936-KES-SAB (HC), 2026 WL 45199, at *3 (E.D. Cal. Jan. 7, 2026) (finding that the second *Puga* factor weighed against waiver of the prudential exhaustion requirement where "petitioner has not established at this point that [BIA appeal procedures] would be constitutionally inadequate as applied to him"); *Ruslanov*, 2026 WL 1362961, at *2 ("relaxing the exhaustion requirement would encourage detainees denied bond to immediately bypass the Board and proceed to federal court").

Third, "administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." *Hernandez*, 872 F.3d at 988. Here, the BIA has the authority to correct any alleged erroneous factual determinations and evidentiary errors. *See Martinez v. Scott*, No. 2:25-cv-01538-TSZ-GJL, 2025 WL 2689844, at *5 (W.D. Wash. Aug. 27, 2025) (citation omitted), *F&R adopted by* 2025 WL 2689066 (Sept. 19, 2025); accord *Ruslanov*, 2026 WL 1362961, at *2. Therefore, the third *Puga* factor weighs against waiver of the prudential exhaustion requirement.

Accordingly, the *Puga* factors support the finding that Petitioner has failed to exhaust his administrative remedies and that exhaustion should not be waived.

* * * * *

In sum, the undersigned will recommend Petitioner's motion to enforce be denied because (1) the Court's order granting the writ did not require the IJ to apply a clear and convincing evidence standard, (2) Petitioner's conclusory allegations that the bond hearing did not comply with this

Court's order or provide for due process do not state a claim for relief, and (3) Petitioner failed to exhaust his administrative remedies and fails to show that exhaustion should be excused.

## III. Conclusion and Order

Accordingly, IT IS HEREBY RECOMMENDED that Petitioner's motion to enforce judgment (Doc. 11) be DENIED without prejudice.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 14 days** after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court. Local Rule 304(b). The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and **shall not exceed 15 pages** without leave of Court and good cause shown. The Court will not consider exhibits attached to the Objections, but a party may refer to exhibits in the record by CM/ECF document and page number. Any pages exceeding the 15-page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C). A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated: **September 21, 2026**

UNITED STATES MAGISTRATE JUDGE